IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WILDLIFE REFUGE ASSOCIATION, FRIENDS OF BLACKWATER, and SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>DEBRA HAALAND, in her official capacity as Secretary of the Interior, and the UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants,<br><br>and<br><br>SAFARI CLUB INTERNATIONAL, NATIONAL RIFLE ASSOCIATION, and SPORTSMEN'S ALLIANCE FOUNDATION,<br><br>Defendant-Intervenors. | Case No.: 1:23-cv-02203-BAH |

**STIPULATED SETTLEMENT AGREEMENT**

Plaintiffs, National Wildlife Refuge Association, Friends of Blackwater, and Sierra Club, and Federal Defendants Debra Haaland, in her official capacity as Secretary of the Interior, and the United States Fish and Wildlife Service (the "Service") by and through their undersigned representatives, enter into the following Stipulated Settlement Agreement ("Agreement") for the purpose of resolving the above-captioned matter, and state as follows:

WHEREAS, Plaintiffs' complaint alleges, among other things, that the Service violated the National Wildlife Refuge System Improvement Act, 16 U.S.C. § 668dd *et seq*., by not phasing out the use of lead ammunition on the Canaan Valley National Wildlife Refuge ("Canaan Valley NWR" or "the Refuge"). *See* Complaint, ECF 1 at ¶¶ 66-69; 2022–2023 Station-Specific Hunting

1

and Sport Fishing Regulations Proposed Rule, 87 Fed. Reg. 35136 (June 9, 2022); Station-Specific Hunting and Sport Fishing Regulations Final Rule, 87 Fed. Reg. 57108 (Sept. 16, 2022).

WHEREAS, after Plaintiffs' complaint, the Service acquired an additional 1,971 acres of land for the Canaan Valley NWR. Region 5 of the Service, the Region overseeing the Refuge, considered whether to allow hunting on the new parcel, whether to require lead-free ammunition on the new parcel, and whether to require lead-free ammunition on the entire refuge.

WHEREAS, to allow that consideration of what to do with the newly acquired land in the Canaan Valley NWR through the Service's annual proposed rulemaking for station-specific hunting and fishing regulations, the parties stipulated to, and the Court approved, a stay of litigation. *See, e.g.,* July 2, 2024 Minute Order.

WHEREAS, after further consideration, the Service proposed to open hunting and require lead-free ammunition immediately for the newly acquired acres at Canaan Valley NWR.

WHEREAS, additionally, at this time, the Service will not propose any regulatory requirements related to lead ammunition use for the current huntable acres of Canaan Valley NWR. Instead, the Service selected the current huntable acres of Canaan Valley NWR for a voluntary pilot program that will provide hunters with direct economic incentives to transition from using lead ammunition to using lead-free ammunition ("pilot program").

WHEREAS, the Service intends to analyze all data gathered as part of this voluntary pilot program. The intent is that the Service will gather and use the data to analyze ammunition use by hunters at Canaan Valley NWR in such a manner as will be sufficient to evaluate the impact of the pilot program on the level and extent of lead-free ammunition use by hunters at Canaan Valley NWR, including but not limited to those who chose to participate in the pilot program.

WHEREAS, Defendants intend to provide Plaintiffs with aggregate, deidentified data (i.e., not including personally identifiable information) generated from the pilot program, evaluations

and analyses of such data, and a description of the methods by which such data were collected and analyzed no less than once per year in 2025 and 2026. Those data will be provided to Plaintiffs and made available to interested public individuals or organizations during the comment period on the Service's proposed rule regarding whether to promulgate a lead-free ammunition requirement for the entire Canaan Valley National Wildlife Refuge.

WHEREAS, by entering into this agreement, Plaintiffs do not concede that the Service acted reasonably in not phasing out the use of lead ammunition on Canaan Valley NWR, nor do Plaintiffs concede that requiring lead-free ammunition on only a portion of the Refuge and adopting a voluntary economic incentive program to promote the use of lead-free ammunition on the remainder of the Refuge constitute lawful, adequate, or reasonable responses to the danger lead ammunition use on the Refuge poses to human health and wildlife.

WHEREAS, because the Service is agreeing pursuant to this Stipulated Settlement Agreement to issue a new, rationally explained decision regarding whether to require lead-free ammunition on the entire Refuge within two years, and because remand for such a new decision was the object of this lawsuit, Plaintiffs believe settlement in the manner described below is in the public interest and is an appropriate and efficient way to resolve the claims in the above-captioned case;

WHEREAS, Defendants also believe that settlement in the manner described below is in the public interest and is an appropriate and efficient way to resolve the claims in the above-captioned case;

NOW THEREFORE, the Parties desire to compromise and settle Plaintiffs' case according to the terms set forth below, and thus agree to this Stipulated Settlement Agreement:

1. Defendants agree that, in the proposed rule for the Service's 2026-27 annual station-specific hunting and fishing regulations, the Service will expressly request public comment on whether

3

or not to promulgate a lead-free requirement for hunting on the entire Canaan Valley NWR with immediate or delayed effect (*i.e.*, a phase out).

2. Defendants agree that the Service will make an express, written decision, in the Final Rule for the Service's 2026-27 annual station-specific hunting and fishing regulations ("Final Rule"), on whether to include or omit a lead-free requirement for hunting on the entire Canaan Valley NWR. If included in the Final Rule, such a lead-free requirement for hunting on the entire Canaan Valley NWR will be promulgated upon publication of the Final Rule, with immediate or delayed effect. The Service retains the discretion to decide whether to include or omit a lead-free requirement on the entire Canaan Valley NWR and this Agreement does not commit the Service to any particular outcome.

3. Plaintiffs agree that, upon approval of this Agreement by the Court, Plaintiffs' Complaint shall be dismissed with prejudice.

4. Future Modifications of this Agreement: The Order entering this Stipulated Settlement Agreement ("Order") may only be modified by the Court. The Order may be modified upon good cause shown by stipulated motion of all Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and as granted by the Court after appropriate briefing. In the event that either Plaintiffs or Defendants seek to modify the terms of this Agreement, they will provide written notice of the proposed modification and the reasons for such modification. The Parties will then meet and confer (virtually, telephonically, or in person) at the earliest possible time and seek this Court's approval for modification.

5. Dispute Resolution:

    A. If any party believes another party has failed to comply with any term of this Agreement, the party asserting noncompliance shall provide the other(s) with written notice and the basis for the alleged noncompliance. The Parties shall meet and confer

    (virtually, telephonically, or in person) to attempt to resolve the dispute within 14 calendar days of the written notice or such time thereafter as is mutually agreed upon.

  B. After the initial meet and confer, the Parties will have 30 days to resolve the dispute or such time thereafter as is mutually agreed upon. If the Parties are unable to resolve the dispute within that time, then Plaintiff may first file a motion to enforce the Order.

  C. If Defendants fail to meet any of their obligations under paragraphs 1 through 2 of this Agreement, Plaintiffs' first remedy shall be by motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

6. **Attorneys' Fees and Costs:** Defendants and Plaintiffs will attempt to resolve any claims for fees and costs within 90 calendar days of entry of this Agreement. In the event the Parties are not able to resolve any claims for attorneys' fees and costs within that time, Plaintiff may move for fees and costs of litigation pursuant to 28 U.S.C. § 2412. Plaintiff reserves any claims against FWS for recovery of costs of litigation (including reasonable attorney and expert witness fees) through and including final resolution of this lawsuit, including compliance with and completion of the terms of this Settlement Agreement. Defendants reserve all defenses related to attorneys' fees and costs.

7. **Representative Authority:** The undersigned representatives of Plaintiff and Defendants certify that they are fully authorized by the party or parties whom they represent to enter into the terms and conditions of this Agreement and to legally bind those parties to it.

8. **Compliance with Other Laws:** Nothing in this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Defendants obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other

applicable law. Nothing in this Agreement is intended to, or shall be construed to, waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the APA; or to otherwise extend or grant the Court jurisdiction to hear any matter, except as expressly provided in the Agreement.

9. Mutual Drafting and Other Provisions:

    A. It is hereby expressly understood and agreed that this Agreement was jointly drafted by Plaintiffs and Defendants. Accordingly, the Parties hereby agree that any rule of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Agreement.

    B. This Agreement contains all of the agreements between Plaintiffs and Defendants and is intended to be and is the final and sole agreement between Plaintiffs and Defendants concerning the complete and final resolution of Plaintiffs' complaint. Plaintiff and Defendants agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Agreement must be in writing, and approved by this Court.

    C. This Agreement is the result of compromise and settlement, and does not constitute an admission, implied or otherwise, by Plaintiffs or Defendants to any fact, claim, or defense on any issue in this litigation. No part of this Agreement shall have precedential value in any pending or future litigation, representations before any court, administrative action, forum, or any public setting.

10. Continued Jurisdiction: Notwithstanding the dismissal of this action, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement, including any disputes regarding fees and costs as described in paragraph 6 above, and to resolve any motions to modify the terms of this Agreement, subject to the dispute resolution procedures specified in paragraph 5 above. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

Dated: December 11, 2024

    Respectfully submitted,

    /s/ Aaron M. Bloom
    AARON M. BLOOM (New York Bar No. 4247714)
    (admitted pro hac vice)
    Earthjustice
    48 Wall Street, 15th Floor
    New York, NY 10005
    abloom@earthjustice.org
    Phone: (917) 410-8727

    *Attorney for Plaintiffs*

    TODD KIM, Assistant Attorney General
    S. JAY GOVINDAN, Section Chief
    NICOLE M. SMITH, Assistant Section Chief

    /s/ Rickey D. Turner, Jr.
    RICKEY D. TURNER, JR.
    CO Bar No. 38353
    Senior Attorney
    Wildlife and Marine Resources Section
    999 18th Street, South Terrace, Suite 370
    Denver, Colorado 80202
    Phone: (303) 844-1373
    rickey.turner@usdoj.gov

    *Attorneys for Federal Defendants*